JOHN KERR, Respondent, *v.* THE ATLANTIC AVENUE RAIL-
ROAD Co. of Brooklyn, Appellant.

(City Court of Brooklyn — General Term, November, 1894.)

It is the duty of a motorman to avoid coming into collision with vehicles
traversing the streets crossing his track.

Whether a person was negligent in attempting to cross a street-car track
when an approaching car was some ninety or one hundred feet away,
and whether the motorman was negligent in failing to slow down the
car upon seeing him at that distance, are questions for the jury.

APPEAL from judgment in favor of the plaintiff, entered
upon a verdict, and from order denying motion for a new
trial.

*Morris & Whitehouse*, for appellant.

*Jay S. Jones (George F. Elliott*, of counsel), for respondent.

OSBORNE, J.    Plaintiff obtained a verdict against the
defendant for damages for injuries sustained through the neg-
ligence of the defendant.    Defendant appeals, and urges, as
the principal ground for seeking a reversal, that the evidence
failed to show freedom from contributory negligence on the
part of the plaintiff, or that the plaintiff's injuries were due
to any negligence on the part of defendant's servants, and
that the learned trial judge erred in refusing to grant the
motions to dismiss the complaint on those grounds, made at
the close of the plaintiff's case, and renewed after all the evi-
dence was in.

Plaintiff's story is to the effect that, on the 16th of October,
1893, he was driving a two-horse wagon loaded with furniture
along Seventh avenue in a southerly direction, on the right-
hand or westerly track of defendant's road; when he was
within about fifteen feet of the corner of Sixteenth street and
Seventh avenue he started to turn up Sixteenth street toward
Eighth avenue, which would necessitate his crossing the east-
erly track of defendant's road; that the plaintiff first turned
his horses slightly to the right, sufficiently to pull his wheels

out of the railroad track, and then turned his horses' heads again to the left to go up Sixteenth street; at about that time he looked south along Seventh avenue and saw a car of defendant's approaching on the easterly track, and which was then some ninety or one hundred feet distant from plaintiff's wagon. Plaintiff thereupon drove across Seventh avenue on an angle, with a view to go up Sixteenth street; his horses had crossed the east track and his front wheels were about up to the easternmost rail of the east track when his cart was struck by the car, and he was precipitated to the ground and suffered the injuries to recover damages for which this action is brought.

On such a statement as this, standing alone, we cannot say, as matter of law, that the plaintiff was guilty of contributory negligence in attempting to cross Seventh avenue and go up Sixteenth street. It was broad daylight, the car was some ninety to one hundred feet away, and it was the duty of the motorman to avoid coming into collision with vehicles traversing the streets crossing his track. He could have readily slowed down his car and avoided any collision with plaintiff's wagon. Whether he was negligent in failing to do this, and whether plaintiff was negligent in attempting to cross the track at a time when the approaching car was some ninety or one hundred feet away, were questions which, we think, ought properly to have been left to the jury to determine. While it is quite true that the defendant made out a case which, standing alone, might have been sufficient to acquit it of negligence, yet it varied so widely in many of its essential details from plaintiff's statement as to how he received his injuries that it was plainly the duty of the court, under a proper charge, to submit the questions involved to the jury to determine. The jury have found in favor of the plaintiff, and we can see no reason for disturbing their verdict.

We fail to see any force in the exception taken to the overruling of defendant's objection to the question put at folio 223. There was nothing in the question objected to that was calculated to humiliate or disgrace the witness, but it was a subject for fair cross-examination, with a view of determining

34

the degree of credibility that the jury should attach to the witness' testimony.

We are, therefore, of opinion that the judgment and order denying motion for a new trial should be affirmed, with costs.

VAN WYCK, J., concurs.

Judgment and order affirmed, with costs.